■ SHIRLEY MITCHELL, Respondent, v ARGUS REALTY Co. et al., Appellants, et al., Defendant. [777 NYS2d 493]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 14, 2003, which, insofar as appealed from, denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff was struck on the head by an overhead garage door as she was walking out of a building owned and operated by defendants, collectively the building's landlord. The building superintendent, who had inspected the door about a month prior to the accident and found no problems, testified that it had partially detached from its track on one side. He regularly performed maintenance on the door by applying grease to the guide rollers and track. There had been no previous incidents involving the door coming off its track, although a year earlier the door had stuck in a fully closed position when the electric motor failed.

An employee of the company that installed and repaired the door testified that grease is the "worst possible thing" to put on an overhead garage door because it coagulates in cold temperatures, causing the rollers to slide in the track rather than roll, and it accumulates dirt causing extensive wear. The president of the building's tenants' association testified that he had informed the landlord about tenant complaints that the door was stuck in the fully open position. Plaintiff submitted the affidavit of an expert engineer, who concluded that the failure of the door to close was an indication of misalignment that should have prompted inspection and repair. In his professional opinion, the door tracks were improperly installed, inspected and maintained, the use of grease as a lubricant was improper, and these factors were the proximate cause of the separation of the door from the track.

In view of the inspection and maintenance carried out by the building superintendent and the conclusions reached by plaintiff's expert, issues of fact exist as to whether the landlord had notice of the hazardous condition of the door and whether the negligence of its employee created that condition. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.